JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 24 96

## DOCKET NO. RTC-29

PATRICIA J. HOWARD
CLERK OF THE PANEL

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE NATIONAL LABOR RELATIONS BOARD, CALIFORNIA SAW AND KNIFE WORKS, 320 NLRB NO. 11, ISSUED ON JANUARY 26, 1996

*Alan Strang, et al. v. National Labor Relations Board,*
  D.C. Circuit, No. 96-1028
*International Association of Machinists and Aerospace Workers, et al. v. National Labor Relations Board,*
  7th Circuit, No. 96-1246

## ORDER TO PUBLISH PANEL DECISION

On April 23, 1996, the National Labor Relations Board (NLRB) moved that the Panel publish its April 15, 1996 decision in the above-captioned proceeding.

The NLRB's motion to publish is GRANTED and the attached order is hereby RELEASED FOR PUBLICATION.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 15 96

## DOCKET NO. RTC-29

PATRICIA J. HOWARD
CLERK OF THE PANEL

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE NATIONAL LABOR RELATIONS BOARD, CALIFORNIA SAW AND KNIFE WORKS, 320 NLRB NO. 11, ISSUED ON JANUARY 26, 1996

*Alan Strang, et al. v. National Labor Relations Board,*
  D.C. Circuit, No. 96-1028
*International Association of Machinists and Aerospace Workers, et al. v. National Labor Relations Board,*
  7th Circuit, No. 96-1246

## ORDER RESCINDING STRIKE ORDER
## AND
## CONSOLIDATION ORDER

This matter is before the Panel on notice of multicircuit petitions for review, under 28 U.S.C. §2112(a)(3), from the National Labor Relations Board (NLRB) filed on February 15, 1996, involving the above-captioned NLRB decision issued on January 26, 1996. In accordance with R.P.J.P.M.L. Rule 21, this notice recited that two petitions for review of the decision had been filed and received by the NLRB; copies of the petitions were attached. One petition was filed in the U.S. Court of Appeals for the District of Columbia (D.C. Circuit) on February 1, 1996; a copy of the petition was received by the NLRB on February 6, 1996. The second petition was filed in the U.S. Court of Appeals for the Seventh Circuit (Seventh Circuit) on February 1, 1996, and was received by the NLRB on February 2, 1996. On February 15, 1996, the Panel issued an order striking the NLRB's notice of multicircuit petitions for review as deficient, because the D.C. Circuit petition was not received by the NLRB until February 6, eleven days after the date of the NLRB's decision.[1] On February 28, 1996, the D.C. Circuit petitioners filed a motion for reconsideration of the Panel's February 15th strike order on the ground that the NLRB's notice of multicircuit petitions for review failed to recite that petitioners had delivered a copy of their petition to the NLRB on February 2, 1996, which had been date-stamped "received" by the D.C. Circuit on February 1, 1996.[2] The NLRB opposes the motion for reconsideration.

Based upon the papers filed, the Panel finds that the petition received by the D.C. Circuit court clerk and delivered by the D.C. Circuit petitioners to the NLRB was "filed" within the requisite 10-day

---

[1] Accordingly, only the Seventh Circuit petition was filed within the requisite 10-day period and, in accordance with Section 2112(a), the NLRB was to file the record for review in that court.

[2] The D.C. Circuit petition in the NLRB notice to the Panel was date-stamped "filed" on February 1, 1996, but received by the NLRB from the D.C. Circuit on February 6, 1996.

- 2 -

time period under Section 2112(a). Federal courts have uniformly held that where a statute or rule require "filing," that act is accomplished by the court clerk's receipt of the necessary documents.[3] We note that under Federal Rules of Appellate Procedure Rule 25, filing is timely if the clerk receives the papers within the time fixed for filing...." Accordingly, two petitions for review of the above-captioned NLRB decision were filed in two circuits within the requisite 10-day period and received by the NLRB from the petitioners within that same 10-day period.

IT IS THEREFORE ORDERED that the Order Striking Notice filed on February 15, 1996, is RESCINDED.

The Panel has randomly selected the Seventh Circuit in which to consolidate these petitions for review.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. 2112(a)(3), the petitions for review listed above be, and the same hereby are, consolidated in the Court of Appeals for the Seventh Circuit and that this circuit be, and the same hereby is, designated as the circuit in which the record is to be filed pursuant to Rules 16 and 17 of the Federal Rules of Appellate Procedure.

FOR THE PANEL:

John F. Nangle
Chairman

LaTaunya Darden
Deputy Clerk
Random Selector

Vivian Challen
Chief Deputy Clerk
Witness

---

[3] *See Houston v. Lack*, 487 U.S. 266 (1988); *Parissi v. Telechron, Inc.*, 349 U.S. 46, 47 (1955); *Arbuckle Wilderness, Inc. v. KFOR TV, Inc.*, 69 F.3d 547 (Table), 1995 WL 64700 (10th Circuit).